OPINION
{¶ 1} Plaintiff-appellant Bruce Pierce brought this action in small claims court seeking judgment in the amount of $1,800 against defendants-appellees Tom Sanders and Ohio Automatic Transmission. The trial court rendered judgment against Pierce on his claim. Pierce appears to be contending that the judgment is against the manifest weight of the evidence.
 {¶ 2} We conclude that the record contains evidence sufficient to support the judgment, and that the judgment is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Pierce filed a complaint in small claims court seeking money damages in the amount of $1,800. The facts relevant to this claim are adduced from the trial transcript.
 {¶ 4} Some time in 2003, Pierce and defendant-appellee, Tom Sanders, entered into an agreement regarding the sale of a van whereby Pierce agreed to purchase the used vehicle, "as is," for the sum of $2,000. Pierce purchased the vehicle for the benefit of plaintiff-appellant Charlene Moxley, in whose name the van was eventually titled. Pierce paid Sanders $1,800, leaving a balance due of $200. Pierce had observed the van on the premises of Ohio Automatic Transmission, where Sanders was employed. The record shows that Ohio Automatic Transmission was not involved in any of the transactions between Sanders and Pierce, and that it was accordingly dismissed from the suit.
 {¶ 5} It is undisputed that prior to the payment of the balance of the purchase price, the vehicle developed mechanical problems with the transmission and fuel pump. It is further undisputed that Sanders agreed to repair the transmission.
 {¶ 6} According to Sanders, Pierce returned the vehicle to him for the repairs. Sanders testified that he repaired the vehicle, and called Pierce to inform him that it was ready, but that Pierce never returned to pick it up. He also testified that the van was stolen after the repairs were made, but was recovered by the police, and was located on the lot of a towing service.
 {¶ 7} The owner of Ohio Automatic Transmission also testified that she allowed Sanders to bring the van into the business premises to effect repair and that Sanders did make repairs to the transmission and the fuel pump.
 {¶ 8} Pierce testified that Sanders never informed him that the repairs had been made, and that he did not contact him about retrieving the van. Pierce also testified that the van "may have been fixed * * * I don't know."
 {¶ 9} Following trial, the trial court entered judgment in favor of Sanders and Ohio Automatic Transmission. From this judgment, Pierce appeals.
 II {¶ 10} Pierce fails to set forth an Assignment of Error in his appellate brief, as required by App.R. 16(A)(3). After reviewing his argument set forth in his brief, we infer his sole assignment of error to be as follows:
 {¶ 11} "The trial court's judgment is against the manifest weight of the evidence."
 {¶ 12} Pierce contends that the only reasonable conclusion that can be reached from the evidence is that Sanders agreed to repair the van's transmission, but failed to do so.
 {¶ 13} When a judgment is challenged as being against the manifest weight of the evidence, a reviewing court is bound by the statement that `judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. Furthermore, we presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81.
 {¶ 14} It is clear that the trial court chose to credit Sanders's testimony that he made the repairs to the vehicle. Pierce was unable to rebut Sanders' testimony. Sanders's testimony, if believed, establishes that he made the repairs he agreed to perform. The trial court, which was in the best position to judge the credibility of the witnesses, chose to credit that testimony. There is nothing inherently incredible or implausible in Sanders's testimony. Accordingly, we cannot say that trial court, as the finder of fact, lost its way, or that the judgment is against the manifest weight of the evidence.
 {¶ 15} Pierce's sole assignment of error is overruled.
 III {¶ 16} Pierce's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.